UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| THOMAS WILSON | : | |
| | : | |
| v. | : | CIV. NO. 3:06CV1391 (JCH) |
| | : | |
| CLEADITH CONDIE and | : | |
| JONES MOTOR GROUP | : | |
| | : | |
| | : | |

RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DOC. #'S 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53]

A conference call was held on October 22, 2007, to discuss the status of eleven (11) Motions for Protective Orders filed by the Plaintiff **[Doc. #'s 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53]**. This order memorializes the parties' discussion and orders set by the Court.

Background

Plaintiff claims he was injured in a vehicular accident on April 15, 2005. As a result of the accident, plaintiff suffers from injury to his right shoulder, cervical syndrome, and a disk protrusion at L3-4. Plaintiff is also claiming past and future medical expenses, loss of earnings and earning capacity, and impairment of enjoyment of life and life's activities.

Plaintiff was deposed on June 12, 2007. On September 27, 2007, as a follow up to the deposition, defendants noticed eleven

1

(11) records depositions for various medical providers, insurers and employers who were identified by the plaintiff during his deposition.  On October 4, 2007, plaintiffs filed eleven (11) motions for protective orders regarding these records depositions.  Plaintiff's basis, repeated in each motion, is that the defendant is requesting documents which have been provided via production requests and that the requests are overbroad and unlimited by time or type of document to be produced.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

The Deposition Records Requests

The defendant is entitled to any records that relate to injuries that the plaintiff may have suffered as a result of or

2

independent of the accident at issue in this case.[1]  Even if some or all of the records have already been produced by the plaintiff, the defendant may obtain a complete set of records from the third party providers.

Accordingly, the Motions for Protective Orders re: Advanced Medical Imaging **[Doc. #43 and 45]** are **DENIED[2]**; Motion for Protective Order re: Neurosurgical Associates of SW CT **[Doc. #44]** is **DENIED**; Motion for Protective Order re: Yale New Haven Hospital **[Doc. #46]** is **DENIED**; Motion for Protective Order re: Milford Hospital **[Doc. #47]** is **DENIED**; Motion for Protective Order re: Bridgeport Hospital **[Doc. #48]** is **DENIED**; Motion for Protective Order re: Charlotte Hungerford Hospital **[Doc. #49]** is **DENIED**; Motion for Protective Order re: Geico-Northeast Region **[Doc. #50]** is **DENIED,** but the Court limits the document production to the history of auto insurance claims made by the plaintiff and claims against him, and any medical records or claims for medical expenses made by the plaintiff; Motion for Protective Order re: Cigna **[Doc. #51]** is **DENIED** but the Court limits the document production to the claims history of the plaintiff; Motion for Protective Order re: Canterbury Fire

---

[1]Plaintiff's counsel stated that he has already provided the defendant with the necessary HIPPA releases and that these requests do not go beyond the scope of those releases.

[2] Doc. #45 appears to be the same document request and same party that is the subject of Doc. #43.

Department **[Doc. #52]** is **DENIED**; Motion for Protective Order re:
Dr. Edward Staub **[Doc. #53]** is **DENIED**.

Discovery Disputes

Pursuant to Fed. R.C.P. Rule 26(c), plaintiffs should have
attempted to confer with the defendants in an effort to resolve
the disputed requests prior to filing motions for protective
order.  Fed.R.Civ.P.26(c). However, once these motions were filed
with the court, defendant could have contacted the plaintiff and
attempted to resolve these motions without the court's
involvement.

To avoid costly motion practice, the parties are reminded of
their obligations pursuant to Conn. L. Civ. R. 37(a-d), in
resolving their discovery disputes.  In particular,

> [n]o motion pursuant to Rules 26 through 37, Fed.
> R. Civ. P., shall be filed <u>unless</u> counsel making the
> motion has conferred with opposing counsel and
> discussed the discovery issues between them in detail
> in a good faith effort to eliminate or reduce the area
> of controversy, and to arrive at a mutually
> satisfactory resolution.  In the event the
> consultations of counsel do not fully resolve the
> discovery issues, counsel making a discovery motion
> shall file with the Court, as part of the motion
> papers, an affidavit certifying that he or she has
> conferred with counsel for the opposing party in an
> effort in good faith to resolve by agreement the issues
> raised by the motion without the intervention of the
> Court, and has been unable to reach such an agreement.
> If some of the issues raised by the motion have been
> resolved by agreement, the affidavit shall specify the
> issues so resolved and the issues remaining unresolved.

D. Conn. L. Civ. R. 37(a).

<u>Attorney's Fees</u>

Defendant's request for attorney's fees and costs to oppose the motions for protective order filed by plaintiff is **DENIED**.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 29th day of October 2007.


/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE